Sabrina L. Green, Esq./SBN 226361
STRATTON & GREEN
3703 Camino Del Rio South, Suite 100-B
San Diego, CA 92108
sgreen@sglawcorp.com
(619) 718-4820 (T)
(619) 718-4825 (F)

Attorneys for Plaintiff YUEHAN QIU

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUEHAN QIU, an individual, | Case No. |
| Plaintiff, | COMPLAINT FOR: |
| vs. | |
| ATLANTIC VENTURES LLC, an American corporation; CAERVISION TECHNOLOGY CENTER INC, an American corporation; SUPER LOCAL MEDIA, LLC, an American corporation; JACK ZHANG, an individual and DOES 1 THROUGH 20. | 1) BREACH OF CONTRACT<br>2) FRAUD<br>3) CONVERSION<br>4) MONEY HAD AND RECEIVED<br>5) UNFAIR BUSINESS PRACTICES<br>6) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>7) RESTITUTION AND UNJUST ENRICHMENT<br>8) ACCOUNTING |
| Defendants. | |

COMES NOW YUEHAN QIU, for causes of actions against named Defendants, and each of them, hereby complains and alleges as follows:

## THE PARTIES

1. Plaintiff Yuehan Qiu is, and at all times herein mentioned, a resident in the County of Riverside in the State of California.

2. Defendant Atlantic Ventures LLC, (hereinafter "ATLANTIC") an American corporation, located at 1 PasquerillaPlaza, Suite 120S, Johnstown, PA, 15901.

**Complaint 1**

3. Defendant Caervision Technology Center Inc. (hereinafter "CTCI"), an American corporation, is headquartered at 4539 Metropolitan Court, Frederick, MD, 21704 with anoperations center located at 1 Pasquerilla Plaza, Suite 120, Johnstown, PA, 15901.

4. Defendant Mr. Jack Zhang, ("ZHANG"), an individual, working as a representative of CTCI.

5. Defendant Super Local Media LLC, ("SLM") an American Corporation, located at 1 Pasquerilla Plaza, Suite 120J, Johnstown, PA 15901.

## VENUE AND JURISDICTION

6. Plaintiff hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

7. Plaintiff Yuehan Qiu is a resident of the County of Riverside in the State of California. A substantial portion of the acts that gave rise to the present claims occurred in Riverside County. While in Riverside County, he contacted Defendants and made agreements regarding how to invest his money in the United States. Defendants contacted Plaintiff while Plaintiff was residing in Riverside County. Plaintiff and Defendants sent each other emails and made phone calls while Plaintiff resided in Riverside County. Plaintiff demanded the refund of his money while residing in Riverside.

8. Defendant CTCI is a subsidiary of Caervision, an American company headquartered in Maryland. Defendant ATLANTIC has its principal place of business in Pennsylvania. Defendant SLM is also an American company with its prinicipal place of business in Pennsylvania. Defendant ZHANG, is an individual who resides in the State of Maryland.

9. This Court has jurisdiction of Plaintiff's claims pursuant to U.S.C. § 1332. The aggregate amount in controverys is $500,000, well in excess of the $75,000 minimum requirement. Additionally, the parties diversity requirement is satisfied – Defendants have principal places of business or are citizens of states different from the citizenship state of the

Plaintiff. Pursuant to 28 U.S.C. §1367(a), the Court has supplemental subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. The Court has general and/or specific personal jurisdiction over each of the Defendants. The State of California's long-arm statutes, California Code of Civil Procedure §410.10 permits the exercise of personal jurisdiction on any basis not inconsistent with the California Constitution or the Constitution of the United States.

11. This Court has personal jurisidiction over all the aforementioned Defendants because a substantial portion of the unlawful conduct that gives rise to these claims occurred in California.

12. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b)(2) in that a substantial portion of the unalwful conduct that gave rise to these claims occurred in the Central District of California.

## FACTUAL ALLEGATIONS

13. Plaintiff hereby incorporates by reference all prior allegations as though fully set forth herein.

14. In the beginning of 2011, Plaintiff participated in an immigration promotion held by a Chinese based company called Seeto Company regarding an investment in the U.S. under Employment Benefit category number 5, commonly referred to as "EB-5". This immigration investment required Plaintiff to invest at least $500,000 and employ tent (10) employees in the United States and in exchange, Plaintiff would become eligible for a United States Green Card.

15. On March 17, 2011, Plaintiff signed a contract with Seeto Company to begin investment for the purpose of acquiring the EB-5 Visa and Green Card. **See, Exhibit A** attached hereto.

16. In May 2011, ATLANTIC was registered in the United States with Plaintiff as the primary investor of this limited liability company. **See Exhibit B**, attached hereto.

17. On June 2, 2011, Plaintiff signed an investment contract and a contract to set up the joint-venture company ATLANTIC with ZHANG, as a representative of defendant CTCI. **See, Exhibit C** attached hereto.

18. On June 28, 2011, ATLANTIC signed the Joint Venture Agreement, copartnering with CTCI. Defendant ZHANG from CTCI signed a Joint Venture Agreement, that deliniated terms to refund the entire investment to Plaintiff if the EB-5 petition failed. Plaintiff then signed the agreement. **See, Exhibit C**.

19. Also on June 28, 2011, Defendant ZHANG authorized the establishment of the co-partnership by signing the Joint Venture Agreement. **See, Exhibit C.**

20. From July 25, 2011 through August 12, 2011, Plaintiff transferred $500,000 to Seeto Company. He also transferred a $30,200.00 fund issuing fee to Setto Company. **Exibit D,** attached hereto.

21. Over the course of the next three years neither ZHANG, CTCI or SLM gave or would provide an accounting of where Plaintiff's money had been spent. Defendants were also completely silent on whether the temporary employees were hired.

22. Finally, on October 18, 2013, Plaintiff signed an Authorization letter requesting ATLANTIC send all their financial records and bank statements to Plaintiff. Plaintiff did not receive the documents he had requested.

23. None of the Defendants provided any indication or proof that Plaintiff's $500,000.00 investment had been utilized to invest in a company with at least ten employees, as required by the EB-5 petition.

24. Based on the lack of information forthcoming from Defendants, sometime between November 2013 and January 2014, Plaintiff asked Seeto Company to close his EB-5 case. Plaintiff also asked CTCI to refund his full investment per the contract terms. Thereafter Plaintiff and Defendants signed a new Refund Agreement contract on February 24, 2014. **See Exhibit E**, attached hereto. Plaintiff thought it was clear at that point that Caevision

did not properly invest his money nor create the required employment for ten employees.

25. Thereafter signing the refund agreement contract, Plaintiff thought he would be receiving the return of his funds in about thirty days, however, no refund was forthcoming.

26. From February 2014 to November 2014, Plaintiff was in email communications with CTCI, its agents and ZHANG wherein both Defendants kept making the representations they would be refunding Plaintiff's full investment and that it was in the process. **See Exhibit F** attached hereto. Finally, in early 2015, Plaintiff realized that the investment was a sham and that not only had Defendants breached the first contract but would be breaching the the February 24, 2014, refund agreement contract as they had entered that contract merely to delay Plaintiff from discovering that the entire invesment was a sham. To date, Plaintiff has never received the return of his $500,000 investment with the Defendants.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (Against all Defendants and Does 1 through 20)

27. Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

28. On March 17, 2011, Plaintiff entered into a written contract with Defendants.

29. The material terms were that: Defendants had a duty to assist Plaintiff in his EB-5 immmigration petition; Plaintiff invested $500,000.00 plus costs; terms provided a complete refund of Plaintiff's investment if Defendants were unsuccessful in Plaintiff's EB-5 petition.

30. Plaintiff has at all times performed the terms of the contract in the manner specified.

31. Defendant's did not perform and thereafter Plaintiff and Defendants entered into a refund agreement on February 24, 2014 whereby Defendants promised to refund Plaintiff his full $500,000 investment.

32. Defendant breached the refund agreement by failing to refund Plaintiff's $500,000 investment.

**Complaint 5**

33. As a direct legal and proximate result of the Defendants' breaches described herein, Plaintiff has suffered damages in excess of $500,000.

## SECOND CAUSE OF ACTION

### Fraud

### (Against all Defendants and Does 1 through 20)

34. Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

35. On or about March 2011, Defendants falsely and fraudulently represented to Plaintiff the following: that they would invest Plaintiff's money in a venture that could create 10 jobs; that Plaintiff would receive an EB-5 visa, and if Defendants were not successful, Plaintiff would receive the return of his full investment in the venture.

36. The representations made by Defendants were in fact false. First, Defendants did not invest in a venture that could create at least 10 jobs. Second, after they failed to procure an EB-5 Green Card for Plaintiff, they entered into a refund agreement and then continued to lie to the Plaintiff for another year and a half that his money was being returned.

37. When Defendants entered into the contracts set forth herein, Defendants knew the terms of the contracts were false and had no intention of ever performing. Defendants made the contracts with the intent to defraud and deceive Plaintiff and to keep Plaintiff from discovering their fraudulent schemes.

38. Defendants intended to induce Plaintiff to transfer the $500,000 to Defendants.

39. Plaintiff, at the time these representations were made, and at the time Plaintiff transferred the money to Defendants, was ignorant of the falsity of these representations, and believed them to be true.

40. Plaintiff, at the time the representations were made, could not have discovered, in the exercise of reasonable diligence that the representations were in fact false until 2015.

41. In reliance on the representaions made by the Defendants, Plaintiff was induced to, and in fact did, transfer Five Hundred Thousand Dollars ($500,000.00) to Defendants. Had Plaintiff known the true facts and/or intentions of Defendants, Plaintiff would not

have transferred this sum of money.

42. As a direct, legal, and proximate result of Defendants actions, Plaintiff has been damaged in the sum in excess of Five Hundred Thousand ($500,000.00).

43. In doing the acts alleged herein, Defendants, and each of them, have acted with oppression, fraud, and malice. Such conduct constitutes wanton, willful, and despicalbe conduct that shocks the conscience of ordinary individuals thereby warranting the imposition of punitive damages.

### THIRD CAUSE OF ACTION

### Conversion

### (Against All Defendants and Does 1 through 20)

44. Plaintiff realleges and incorporates herein by reference the above paragraphas of this Complaint as if set forth herein in full.

45. Plaintiff is, and at all times herein was, the owner of the sum of Five Hundred Thousand Dollars ($500,000.00) that were apportioned for the purpose of securing a Green Card through and EB-5 application.

46. Defendants wrongfully interefered with Plaintiff's interests in the above-described property by failing to refund the money when requested by the Plaintiff in 2014 upon the cancellation of Plaintiff's EB-5 application and their continued representations funds would be returned in an effort to keep Plaintiff from discoverying Defendants complete conversion of Plaintiff's funds.

47. As a direct and proximate result of Defendants' acts of conversion and deceit, Plaintiff has been damaged in the sum to be proven at trial, including all compensatory damages. Plaintiff is entited to damages the repossession of the converted property. Furthermore, Plaintiff is entitled to compensation for the time and money expended in pursuait of the converted property.

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### Common Counts- Money Had and Received

### (Against all Defendants and Does 1 through 20)

48. Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

49. Since 2013, Defendants became indebted to Plaintiff in the sum of Five Hundred Thousand Dollars ($500,000) for money had and received by Defendants, and each of them.

50. Neither the whole, nor any part of this sum has been repaid despite repeated demands and Defendants assurances the funds were being returned.

51. To date, Defendants owe a balance of Five Hundred Thousand Dollars ($500,000.00) to the Plaintiff.

## FIFTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §17200 ET SEQ.)

### (Against All Defendants and Does 1 through 20)

52. Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

53. Plaintiff hereby bring a claim for Unfair Business Practices against Defendants and DOES 1 and 20 pursuant to Business & Professions Code sections 17200, *et seq*, including but not limited to the deprivation of money and property.

54. Defendants' unlawful, unfair, and/or fraudulent business acts or practices include, but are not limited to, failure to disclose status of business created to procure EB-5 Visa, status of employee hiring, failure to process all applications, failure to provide accounting, failure to return funds, failure to honor terms of contracts, inducing Plaintiff under false facts to invest funds, inducing Plaintiffs to enter into agreements to which Defendants had no intention of honoring and fraudulent converting and diverting company funds to their own use.

55. As a direct and proximate result of the above-mentioned acts of each Defendant, Plaintiff has suffered and will continue to suffer substantial pecuniary losses and irreparable injury.

56. Defendants' willful and conscious disregard for Plaintiff's rights and the harm caused to Plaintiff based on Defendants' egregious misrepresentations, concealment, and breaches in contract created unjust hardships for the Plaintiff.

57. As a result of Defendants' wrongful, unlawful and/or unfair conduct, Plaintiff is entitled to restitution of all monies paid to Defendants and misappropriated by Defendants in order to restore Plaintiff to his natural state prior to providing all aforementioned funds.

58. It has been necessary for Plaintiff to retain the services of legal counsel to pursue this matter and Plaintiff is entitled, pursuant to Code of Civil Procedure 1021.5, to an award of attorney fees, interest and costs incurred pursuing this action.

## SIXTH CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against All Defendants and Does 1 through 20)

59. Plaintiff incorporates by reference and re-allege each and every preceding paragraph of this Complaint as if fully set forth herein.

60. Defendants owed, a duty of good faith and fair dealing by virtue of Defendants' various contractual relationship with the Plaintiff.

61. Defendants breached this duty and abused any discretion they may have had by among other things: 1) failing to diligently pursue Plaintiff's EB-5 visa; 2) failing to hire employees; 3) failing to honor terms of contracts; 4) fraudulently taking funds from Plaintiff; 5) failing to provide an accounting; 6) failing to return funds upon demand.

62. Defendants willfully engaged in the foregoing conduct in bad faith, for the purpose of gaining unwarranted contractual and legal advantages and unfairly and unconscionably converting and utilizing Plaintiffs funds for their own financial gain. The conduct was not authorized and was outside the reasonable expectations of the Plaintiffs.

63. The foregoing conduct was willful and not the result of mistake or inadvertence. As set for the above, Defendants intentionally and fraudulent induced Plaintiff into believing this was a legitimate program for him to procure an EB-5 visa and Green Card in the United States.

64. As a direct result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiff has been injured, and has suffered actual damages and monetary losses that are incalculable in the form of losing funds, lost opportunity, ownership interest in the company, profits to be made therefrom, and the use of the funds provided to Defendants and a Green Card.

65. Plaintiff is entitled to recover his damages and other appropriate relief for the foregoing breached of the implied covenant of good faith and fair dealing.

## SEVENTH CAUSE OF ACTION

### RESTITUTION AND UNJUST ENRICHMENT

**(Against All Defendants and DOES 1 through 20)**

66. Plaintiff realleges and incorporates herein by reference the allegations in the proceeding paragraphs of this Complaint as if set forth herein.

67. As alleged hereinabove, Defendants have acted against the interests of the Plaintiff without authorization and have profited from such misconduct and have gained and grown financially at the expense of Plaintiff.

68. As a direct and proximate result of Defendants' misconduct, they have been unjustly enriched at the expense of Plaintiff in a sum not less than $500,000.

69. As a further direct and proximate result of Defendants' misconduct, to prevent them from being unjustly enriched at the expense of the Plaintiff, Plaintiff also seeks an order of this Court requiring Defendants to disgorge and turn over to Plaintiff any and all revenues and profits earned from such misconduct.

/ / /

/ / /

/ / /

# EIGHTH CAUSE OF ACTION

## ACCOUNTING

### (Against All Defendants and DOES 1 through 20)

70. Plaintiff realleges and incorporates herein by reference the allegations in the proceeding paragraphs of this Complaint as if set forth herein.

71. Plaintiff has requested a full and complete accounting with respect to its deposited funds, and the business it was to deposited into. Defendants have refused to provide an accounting for the depsoited funds use, whereabouts, and resulting use thereof.

72. Defendants' failure to provide Plaintiff with a full and complete accounting is grounds for this court to issue a writ of mandamus compelling Defendants to permit Plaintiff to inspect all Defendants' records and books. See generally, *Saline v. Superior Court*, (2002) 100 Cal.App.4th 909, 915 (overtunring restrictions on disclosure of documents and providing a writ of mandate allowing petitioner complete access to records).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants for all cuases of action as follows:

a. For damages in the sum of Five Hundred Thousand Dollars ($500,000.00);

b. For damages and repossession of converted property;

c. For compensation for the time and money expended in pursuit of the converted funds;

d. For interest accrued on the money to be refunded at ten percent (10%) per annum;

e. For general, special and consequential damages according to proof;

f. For punitive damages in accordancd with the Defendants' fraudulent behavior;

g. For the recovery of attorneys' fees associated with these causes of action;

Complaint 11

h. Any and all other relief that the court deems proper.

Dated: December 30, 2016

SABRINA L. GREEN
Attorney for Plaintiff **YUEHAN QIU**

(2002) 100 Cal.App.4th 909, 915 (overtunring restrictions on disclosure of documents and providing a writ of mandate allowing petitioner complete access to records).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants for all cuases of action as follows:

a. For damages in the sum of Five Hundred Thousand Dollars ($500,000.00);

b. For damages and repossession of converted property;

c. For compensation for the time and money expended in pursuit of the converted funds;

d. For interest accrued on the money to be refunded at ten percent (10%) per annum;

e. For general, special and consequential damages according to proof;

f. For punitive damages in accordancd with the Defendants' fraudulent behavior;

g. For the recovery of attorneys' fees associated with these causes of action;

h. Any and all other relief that the court deems proper.

Dated: January 25, 2017

SABRINA L. GREEN
Attorney for Plaintiff YUEHAN QIU